UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
JANET FASHAKIN,                                    C.A. No: 05-3080

                        Plaintiff,

    v.                                               **TRANS UNION LLC'S**
                                                                 **LOCAL RULE 56.1 STATEMENT**
                                                              **OF MATERIAL FACTS**

NEXTEL COMMUNICATION, *et al*.
                                    Defendants.
---------------------------------------------------------------x

       Trans Union LLC ("Trans Union") submits the following material facts for which there is no genuine issue to be tried:

       1.    This Court has federal question jurisdiction over this matter pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"). *See* FCRA §1681p. Complaint ¶1; Answer of Trans Union ¶1.

       2.    Trans Union is a "consumer reporting agency" as defined by the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* (the "FCRA"). Complaint ¶7; Answer ¶7. Plaintiff asserts that Trans Union inaccurately reported certain credit information furnished to it by Risk Management Associates ("RMA" or the "RMA Item"); RMA was a collection agency collecting a debt for Nextel. Complaint ¶¶18-19; Answer ¶¶18-19. Plaintiff asserts that Trans Union willfully and negligently violated the FCRA. Complaint, Fourth Cause of Action. Although not specifically cited in the Complaint, Plaintiff's allegations amount to alleged violations of the duty to follow reasonable procedures to assure maximum possible accuracy (§1681e(b)) and the duty to reinvestigate disputed credit information (§1681i(a)).

       3.    RMA was named as a Defendant in this action, but was never served with a Complaint. *See* Docket. Plaintiff had previously sued RMA and Nextel in the Supreme Court of

New York, Queens County, and those defendants removed that action to this Court. *See* Docket No: 1:05-cv-01339-ERK-MDG (a copy of the docket sheet and relevant filings is attached hereto as *Exhibit A*). After the case was removed, RMA obtained sanctions against Plaintiff for improperly attempting to dismiss the case without prejudice or the parties' consent. *See* Report and Recommendation, Supplemental Report and Recommendation and Order Adopting Report and Recommendation, also attached as *Exhibit A*.

4. Plaintiff entered into a contract for mobile phone services with Nextel. Deposition of Janet Fashakin pp.24-7, attached hereto as *Exhibit B* (herein "Fashakin Dep. p._"). Plaintiff admittedly stopped paying before the term of service had concluded. *Id.*; Complaint ¶8. Nextel placed the debt for collections with RMA. Complaint ¶18. The RMA Item was reported to Trans Union by RMA as an outstanding collection account with an unpaid balance of $339, collecting for former co-defendant Nextel Communications. Declaration of Laura Henry ¶3 (Henry Decl. ¶_"), *Exhibit C* hereto.

5. Plaintiff asserts that the RMA Item was inaccurate because she refused to pay due to poor service. Fashakin Dep. pp.24-7. She claimed that she complained about the service, and when it did not improve, she stopped paying: "…I eventually called back, then I was furious and told them that was it. I don't want to keep paying for something that I am not receiving services for…" *Id.* pp.26-7. However, Plaintiff has adduced no evidence in support of her allegation that Nextel failed to provide adequate service, that Nextel excused Plaintiff from payment on the remainder of the terms of the contract, or that any aspect of Trans Union's reporting of the RMA Item was inaccurate. In fact, on January 22, 2005, Plaintiff ultimately paid co-defendant Allied

Interstate in response to its later efforts to collect the same debt owed to Nextel Communications. Fashakin Dep. p.73.[1]

6.  Plaintiff disputed the RMA Item to Trans Union in a letter that Trans Union received on December 23, 2004 (the "Dispute Letter").  Complaint ¶¶20-23; Answer ¶¶20-23; Henry Decl. ¶4; the Dispute Letter is attached to the Henry Declaration as *Exhibit 1*.

7.  The Dispute Letter stated, in pertinent part:

> It recently came to my attention that without any proper verification, your agency has caused a derogatory report by one Nextel Communication Collection Agency, to be inserted into my credit report.
>
> PLEASE TAKE NOTICE that I hereby categorically DISPUTE owing Nextel Communication $339.00 as reported by your report. Pursuant to The Fair Credit Reporting Act, I hereby demand that you provide me with the nature, substance and source of this information, specifically the name and address of the Collection Agency that reported this information to you.
>
> PLEASE TAKE FURTHER NOTICE that I hereby demand that within 30 days of this letter you investigate this matter and delete the information if you find the report to be inaccurate, unverifiable or in violation of The Fair Debt Collection Practices Act.

*Id.*  No additional documentation was attached to the Dispute Letter, and no other information respecting the reasons why the RMA Item was inaccurate was provided.  *Id.*

8.  In response to the Dispute Letter, Trans Union sent RMA an Automated Consumer Dispute Verification ("ACDV").  Henry Decl. ¶4 and *Exhibit 2* (the "ACDV").  The ACDV provided RMA with Plaintiff's identifying information, the account information furnished by RMA, and a request that RMA confirm the ownership of the RMA item.  *Id.*

---

[1]  Plaintiff entered a settlement with Nextel, the terms of which have not been disclosed.  *See* Fashakin Dep. pp.27-9.  However, there is no evidence that Nextel admitted that the debt was inaccurate when Trans Union reported the RMA Item, or that Nextel excused Plaintiff from her obligation at the time of Trans Union's report.

9. RMA confirmed Plaintiff's name, current address and Social Security number. RMA also confirmed that the all of the account information was accurate as of the date of the ACDV; *i.e.*, the RMA Item was verified by RMA as an outstanding collection account. *Id.* ¶5.

10. Also in response to the Dispute Letter, Trans Union sent Plaintiff a letter dated December 27, 2004 that provided a description of Trans Union's reinvestigation procedure. Henry Decl. ¶6 and *Exhibit 3* thereto.

11. Trans Union sent Plaintiff the results of the reinvestigation on January 12, 2005. Henry Decl. ¶7 and *Exhibit 4* thereto. The reinvestigation results included the address and telephone number of RMA. *Id.*, p.2.

12. Plaintiff submitted no dispute other than the Dispute Letter to Trans Union at any time prior to the commencement of this lawsuit. Fashakin Dep., pp.11-12; Henry Decl. ¶8.

13. The only allegedly inaccurate item of information on Plaintiff's Trans Union credit file was the RMA Item. Trans Union did not report any information furnished by co-defendant Allied Interstate. Fashakin Dep. p.24.

14. Plaintiff produced denial letters from Discover and Bank of America/Fleet. *Exhibit D*. However, the alleged Discover denial occurred on December 20, 2004; and the alleged Bank of America denial occurred on November 30, 2004, both prior to the date that Trans Union received the Dispute Letter. *Id.*; Henry Decl. ¶4.

15. Plaintiff claims that she was denied a credit card by J.C. Penney; a credit card by Macy's; a mortgage to purchase an office building; and that existing lines of credit with Discover, MBNA and Chase were reduced. Fashakin Dep., pp.7; 48-9; 58-9; 63. Plaintiff has failed to identify any occasion in which she was denied credit as a result of a Trans Union consumer report at any time between the date of the Dispute Letter, December 23, 2004, and the

4

present. Fashakin Dep., pp.52-4. However, Plaintiff has failed to produce any documents or evidence demonstrating that these alleged denials were based on a Trans Union's publication of the RMA Item in a consumer report. *See Id.*

        Respectfully submitted,

        KOGAN, TRICHON & WERTHEIMER, P.C.

        */s/ Timothy P. Creech*
        TIMOTHY P. CREECH (TC-7732)
        1818 Market St., 30th Floor
        Philadelphia, PA 19103
        (215) 575-7618; Fax: (215) 575-7688
        email: tcreech@mstkw.com

        *Counsel for Defendant,*
        *Trans Union LLC*

DATED:     October 26, 2007