# EXHIBIT "A"

CLOSED, NPROSE

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:05-cv-01339-ERK-MDG

Fashakin v. Risk Management Alternatives, Inc. et al
Assigned to: Senior-Judge Edward R. Korman
Referred to: Magistrate-Judge Marilyn D. Go
Cause: 28:1441 Notice of Removal

Date Filed: 03/11/2005
Date Terminated: 03/31/2005
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Janet Fashakin**

represented by **Janet Fashakin**
105-22 Jamaica Avenue
Richmond Hill, NY 11418
718-805-2522
*PRO SE*

V.

**Defendant**

**Risk Management Alternatives, Inc.**

represented by **Lisa Martinez Wolmart**
Pitney Hardin, LLP
P. O. Box 1945
Morristown, NJ 07962-1945
(973) 966-8213
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cindy Debra Salvo**
Entwistle & Cappucci LLP
299 Park Avenue
New York, NY 10171
212-894-7200
Fax: 323-894-7272
Email: csalvo@Entwistle-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nextel Communications**

represented by **Kirk Salzmann**
2001 Edmund Hally Drive
Reston, VA 20191
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2005 | 1 | NOTICE OF REMOVAL from the Supreme Court of the State of New York, Queens County by Risk Management Alternatives, Inc. ( Filing fee $ 250 Receipt #307079) (Attachments: # 1 Civil Cover Sheet # 2 certificate)(Bowens, Priscilla) (Entered: 03/14/2005) |
| 03/11/2005 | 2 | DISCLOSURE of Interested Parties by Risk Management Alternatives, Inc..(Bowens, Priscilla) (Entered: 03/14/2005) |
| 03/11/2005 | 3 | AFFIDAVIT of Service by Jonathan M. Borg. (Bowens, Priscilla) (Entered: 03/14/2005) |
| 03/14/2005 | 4 | ANSWER to Complaint (Notice of Removal) by Risk Management Alternatives, Inc.. (Salvo, Cindy) (Entered: 03/14/2005) |
| 03/18/2005 | 11 | STATE COURT RECORD Received. (Piper, Francine) (Entered: 05/16/2005) |
| 03/25/2005 | 5 | Letter from Lisa Martinez Wolmart, Esq. to Judge Korman Regarding Plaintiff's Request for a Discontinuance. (Wolmart, Lisa) (Entered: 03/25/2005) |
| 03/31/2005 | 6 | Order Approving Plaintiff's Notice of Voluntary Discontinuance. C/M. Signed by Judge Edward R. Korman on 3/29/05. (Chee, Alvin) (Entered: 03/31/2005) |
| 04/05/2005 | | ENDORSED ORDER: Deft's application is referred to the US Magistrate Judge. Endorsed on document #5. C/M. Signed by Judge Edward R. Korman on 4/1/05. (Chee, Alvin) (Entered: 04/05/2005) |
| 04/08/2005 | 7 | ORDER: re: Plaintiff's response to defendant's application is due April 15, 2005Signed by Judge Marilyn D. Go on 4/8/05. (DeVeaux, Yvonne) (Entered: 04/08/2005) |
| 04/25/2005 | 8 | REPORT AND RECOMMENDATIONS re 1 dismissal of Notice of Removal filed by Risk Management Alternatives, Inc. Objections to R&R due by 5/18/2005. Ordered by Judge Marilyn D. Go on 4/25/05. (Go, Marilyn) (Entered: 04/25/2005) |
| 04/28/2005 | 9 | SUPPLEMENTAL REPORT AND RECOMMENDATIONS re 8 REPORT AND RECOMMENDATIONS. Objections to R&R due by 5/18/2005. Ordered by Judge Marilyn D. Go on 4/28/05. (Go, Marilyn) (Entered: 04/28/2005) |
| 05/11/2005 | 10 | PLAINTIFF'S RESPONSE TO LETTER. (Greene, Donna) (Entered: 05/11/2005) |
| 05/19/2005 | 12 | ORDER endorsed on letter dated 5/11/05 from Janet Fashakin to MJ Go: The time for submitting objections to the Report and Recommendation is extended to 5/25/05. Ordered by Judge Marilyn D. Go on 5/17/05. (Chee, Alvin) (Entered: 05/19/2005) |
| 05/24/2005 | 13 | OBJECTION to 9 Supplemental Report and Recommendations filed by Janet Fashakin. (Galeano, Sonia) (Entered: 05/25/2005) |
| 05/26/2005 | 14 | Letter from Lisa Wolmart Martinez to Honorable Edward R. Korman Regarding Plaintiff's Objection to Report and Recommendation. (Wolmart, Lisa) (Entered: 05/26/2005) |
| 06/01/2005 | 15 | Letter dated 5/31/05 from Janet Fashakin to USDJ Korman, in response to the untimely letter of objections of deft RMA's attorney dated 5/26/05, on the basis that the attorney |

| | | deliberately misrepresented the truth. (Galeano, Sonia) (Entered: 06/02/2005) |
|---|---|---|
| 06/13/2005 | 16 | ORDER endorsed on letter dated 3/25/05 from Lisa Martinez Wolmart to Judge Korman. This application is referred to the U.S. Magistrate Judge. Ordered by Judge Edward R. Korman on 4/1/05. (Greene, Donna) (Entered: 06/13/2005) |
| 06/14/2005 | 17 | ORDER, the defts. letter of 3/25/05 is treated as a motion for reconsideration of the order dismissing the complaint w/o prejudice. The motion is denied. I do not share the concern of the U.S. Mag. that pltfs. will refile in New York State again. If she does so improperly, appropriate sanctions may be imposed in excess of the minimal sanction suggested by the U.s. Magistrate. Ordered by Judge Edward R. Korman on 6/14/05. (Greene, Donna) (Entered: 06/14/2005) |
| 06/14/2005 | 18 | Letter from Janet Fashakin dated 4/26/05 to Magistrate Go responding to the Report and Recommendation. (Hunter-Hicks, Tara) (Entered: 06/14/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/04/2008 12:28:18 | | | |
| **PACER Login:** | ms0472 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-01339-ERK-MDG |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

JANET FASHAKIN,

               Plaintiff,

      - against -

RISK MANAGEMENT ALTERNATIVES, INC. and
NEXTEL COMMUNICATIONS,

               Defendant.

- - - - - - - - - - - - - - - - - - - X

REPORT AND
RECOMMENDATION

CV 05-1339 (ERK)(MDG)

     The letter of defendant Risk Management Alternatives, Inc.
("RMA") objecting to dismissal of this action without prejudice
has been referred to me for report and recommendation.  For the
following reasons, I recommend that the Court's order granting
plaintiff's request for dismissal of the action without prejudice
be modified to the extent set forth below.

BACKGROUND

     On or about February 11, 2005, RMA received a Summons with
Notice regarding commencement of an action in the Civil Court of
the City of New York, County of Queens.  See Notice of Removal
(attached as Exhibit A to Certificate of Filing in the State
Court) (ct. doc. 1) at ¶¶ 1, 4, Exh. A.  In the Summons,
plaintiff Janet Fashakin, an attorney proceeding pro se, sought
$25,000 for damages arising from "unfair debt collection
practices [which is] continuing to cause damage to plaintiff's
credit report despite a request to desist."  Id., Exh. A.  With
the consent of defendant Nextel Communications, RMA removed the

action from the Civil Court on March 11, 2005. Id. In its

Notice of Removal, RMA alleges that this Court has original

jurisdiction over the claims in the action pursuant to 28 U.S.C.

§ 1331 because plaintiff asserts a claim under the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as

a claim under the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §

1581 et seq.[1] Id. at ¶ 2. On March 14, 2005, RMA filed an

---

[1] The determination whether a claim arises under federal
law "is governed by the 'well-pleaded complaint rule,' which
provides that federal jurisdiction exists only when a federal
question is presented on the face of the plaintiff's properly
pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386,
392 (1987) (citations omitted). Although sparse, plaintiff's
Summons with Notice suffices as an "initial pleading" for
purposes of removal since it "provides sufficient information
from which a defendant can ascertain removability." Whitaker v.
American Telecasting, Inc., 261 F.3d 196, 204-05 (2d Cir. 2001)
(30 day removal period triggered by the summons with notice at
issue). Plaintiff does not cite, and this Court is not aware of,
a state statute or local law giving rise to a claim based on the
debt collection or credit reporting practices possibly at issue
here. Reported state court cases concerning debt collection
practices have generally analyzed claims only under the FDCPA or
FCRA, rather than state law. See, e.g., Homeowners Ass'n of
Victoria Woods, III, Inc. v. Incarnato, 8 A.D.3d 983, 778
N.Y.S.2d 811 (4th Dep't 2004) (analyzed under FDCPA); United
Companies Lending Corp. v. Candela, 292 A.D.2d 800, 740 N.Y.S.2d
543 (4th Dep't 2002) (same); Polzer v. TRW, Inc., 256 A.D.2d 248,
249, 682 N.Y.S.2d 194 (1st Dep't 1998) (finding claim not viable
under N.Y. General Business Law § 349 and precluded by FCRA);
Holder v. General Motors Corp., 189 Misc.2d 297, 732 N.Y.S.2d 545
(Nassau Cty. 2001) (analyzed under FDCPA). Although some of the
reported state cases have also discussed claims under common law
causes for defamation or negligence, § 1681(e) of the FCRA
expressly provides that the statute preempts state law claims for
defamation or negligent reporting unless the plaintiff consumer
proves "malice or willful intent to injure." Young v. Equifax
Credit Information Srvs, Inc., 294 F.3d 631, 638 (5th Cir. 2002)
(citing cases); O'Diah v. New York City, NO. 02 CIV. 274, (DLC)
2003 WL 22021921, at *2 (S.D.N.Y. Aug. 28, 2003). Thus, in the
absence of a discernible claim under state law, this Court finds
that the claims arise under federal law and were properly removed
by RMA. See 28 U.S.C. § 1446(b)(4) (district court must promptly
examine notice of removal and summarily remand cases which are
facially improvidently removed).

answer to the Summons with Notice, which it served on the other parties by overnight mail. See ct. doc. 4.

In a Notice of Filing of Voluntary Discontinuance dated March 15, 2005, plaintiff claimed that she had filed a Notice of Voluntary Dismissal with the Clerk of the Civil Court on March 15, 2005. See ct. doc. 6 at 1. Arguing that because "the action that [RMA] sought to transfer has been voluntarily discontinued by the plaintiff without prejudice," she requested that the action be dismissed without prejudice. Id. at 1. The Honorable Edward R. Korman, Chief United States District Judge, "so ordered" plaintiff's request on March 29, 2005. Id.

By letter dated March 25, 2005, Lisa Wolmart, counsel for RMA, objected to dismissal without prejudice based on Ms. Fashkin's Notice of Voluntary Discontinuance. See ct. doc. 5. RMA contended that the notice was both procedurally defective and would unnecessarily subject RMA, which had already expended considerable effort in this action, to defend a new action that Ms. Fashkin had said she would be filing. Id. at 2. Chief Judge Korman then referred RMA's application to me.

By order dated April 8, 2005, this Court directed any response to defendants' letter to be filed by April 15, 2005. To date, no response has been received.

## DISCUSSION

Plaintiff claimed dismissal of this action without prejudice was appropriate because she filed a notice of voluntary discontinuance in the Civil Court. However, as courts have long recognized, after removal, the jurisdiction of the state court

-3-

"absolutely ceased, and that of the [federal court] immediately attached." Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882); Anderson v. United Realty Co., 222 U.S. 164, 165 (1911) ("it was the duty of the state court to accept the petition and bond and proceed no further in the case"). The federal removal statute specifies that the filing of a copy of the notice of removal "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1255 n. 11 (11th Cir. 1988) (noting that 28 U.S.C. § 1446 was amended after Tugman to provide that the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, even where a case is improperly removed). As counsel for defendant certified in a Certificate of Filing, on March 11, 2005, she caused the filing of a Notice of Removal in this Court, as well as the filing of a Notice of Filing of the Notice of Removal in the Civil Court. See ct. doc. 1 at ¶¶ 2, 3. Thus, as of March 11, 2005, the Civil Court was without jurisdiction to act on plaintiff's Notice of Voluntary Dismissal dated March 15, 2005. See Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 9 at n.23 (1st Cir. 2004) (judgment of Puerto Rico Supreme Court issued after receipt of notice of removal earlier in the day is void); Nasso v. Seagal, 263 F.Supp.2d 596, 609 (E.D.N.Y. 2003) ("removal divested the state court of jurisdiction to conduct further proceedings").

-4-

Nor may plaintiff now voluntarily dismiss the action as of right in this Court.  Rule 41(a)(1) of the Federal Rules of Civil Procedure specifies that:

> [A]n action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Because RMA filed its answer on March 14, 2005, plaintiff may dismiss the action only by stipulation in accordance with Rule 41(a)(1)(ii) or by order of the court pursuant to Rule 41(a)(2). Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990).

Since RMA has indicated that it will stipulate to dismissal only if with prejudice, this Court must determine whether to dismiss this action "at the plaintiff's instance ... upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  This is a determination left to the sound discretion of the trial court.  Cantanzano v. Wing, 244 F.3d 99, 109 (2d Cir. 2001).

The rule in the Second Circuit is that dismissal without prejudice under Rule 41(a)(2) should be allowed absent prejudice to the defendant.  See D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996).  In Zagano v. Fordham Univ., 900 F.2d 12 (2d Cir. 1990), the Second Circuit listed five factors relevant to determining whether an action should be dismissed under Rule 41(a)(2): (1) the plaintiff's diligence in seeking dismissal; (2) any "undue vexatiousness" on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for

the need to dismiss. See D'Alto 100 F.3d at 283. Since none of

the parties have discussed these factors, this Court will examine

them based on the record presented.

Several of the factors clearly weigh in favor of granting

plaintiff's request. Plaintiff has been diligent in bringing

this motion, seeking dismissal shortly after removal. As a

result, this litigation is in its early stages. As there has

been no discovery nor substantive motions, the claimed prejudice

to defendants because of potential duplicitous litigation

expenses is not substantial. Notwithstanding RMA's complaint

over the costs already incurred, the prospect of a new litigation

is ordinarily not sufficient to constitute legal prejudice. See

D'Alto, 100 F.3d at 283 (citing Jones v. SEC, 298 U.S. 1, 19

(1936)).

Although there is no indication that plaintiff's claims are

vexatious, plaintiff's conduct in inducing the Court to dismiss

this action by filing of a notice of voluntary dismissal in state

court is questionable and vexatious. Plaintiff represented to

the Court in her Notice of Filing of Voluntary Discontinuance

that the action had been voluntarily discontinued in the Civil

Court. Although proceeding pro se, plaintiff is an attorney and

undoubtedly was aware that she could not file a voluntary

dismissal of this action in this Court after RMA filed its

answer. She then proceeded to file a Notice of Voluntary

Discontinuance in the Civil Court on March 15, 2005. She should

also have known that after removal, the Civil Court lacked

jurisdiction over the action until such time that this Court

-6-

remands the case.  Assuming that she was not aware of this and
that she filed the notice in state court prior to the receipt of
RMA's answer sent by overnight mail on March 14, 2005, plaintiff
inexplicably remained silent after RMA objected.  In fact,
although plaintiff's notice to this Court is dated March 15,
2005, it bears a March 23, 2005 date stamp of the Clerk's Office.
Plaintiff may very well have filed her request to this Court
after she received RMA's answer.  Plaintiff's conduct is, at
best, irresponsible, assuming that she truly believed the notice
of voluntary discontinuance filed in state court was valid at the
time she made her request to dismiss the action.

Further, since plaintiff has not responded to the RMA's
application, this court has no explanation why plaintiff needs to
dismiss this action, other than an impression that she has no
desire to proceed in this Court.  While she may be better able to
minimize inconvenience to her by litigating her claims in a state
court near her residence, this is not a factor weighing in favor
of dismissal without prejudice.

Despite plaintiff's conduct and the lack of a persuasive
reason, I find after considering the other Zagano factors, that
they weigh in favor of dismissal of the action without prejudice.
However, since Rule 41(a)(2) confers upon this Court the right to
condition dismissal on such terms as may be proper, I recommend
that this Court fashion relief to address RMA's concerns that it
not be subject to duplicative legal costs should plaintiff bring
a new action.

Courts have often awarded the defendant costs or fees in cases where a plaintiff successfully dismisses a suit without prejudice under Rule 41(a)(2). Hinfin Realty Corp. v. Pittston Co., 206 F.R.D. 350, 357 (E.D.N.Y. 2002) (citing cases). "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985).

Since this litigation is in the early stages, there will not be substantial duplicative legal work expended should a new action be brought. However, there is a reasonable likelihood that any new action against the two defendants would again be removed to federal court. As discussed above, plaintiff's claims, however styled, are likely to arise under federal law, supra at 2, n. 1. In any event, since plaintiff served the two defendants at corporate offices located in other states, there may very well be diversity jurisdiction over purely state law claims. Thus, should plaintiff still seek dismissal of this action without prejudice, I recommend that this Court award RMA the reasonable costs, but not attorneys' fees, incurred in removing this action, including all filing fees, copying costs, and costs in filing and mailing papers.

CONCLUSION

For the foregoing reasons, I recommend that the plaintiff be given the opportunity to determine whether she still wishes to dismiss this case without prejudice. If she still requests that dismissal be without prejudice, I further recommend that the Court condition such dismissal upon payment to RMA of the costs of removing this action. Should plaintiff seek to withdraw her request that the case be dismissed or agree to dismissal with prejudice, she should promptly notify the other parties and this Court, so that appropriate action may be taken.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, by May 18, 2005. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 25, 2005

                                    /s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE

filed electronically on April 25, 2005

mailed to:
Janet Fashakin
105-22 Jamaica Avenue
Richmond Hill, NY 11418

-9-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

JANET FASHAKIN,

                              Plaintiff,

        - against -

RISK MANAGEMENT ALTERNATIVES, INC. and
NEXTEL COMMUNICATIONS,

                              Defendants.

- - - - - - - - - - - - - - - - - - - X

SUPPLEMENTAL
REPORT AND
RECOMMENDATION

CV 05-1339 (ERK)(MDG)

        In a report and recommendation dated April 25, 2005 ("First
Report"), this Court addressed the March 25, 2005 letter of
counsel for defendant Risk Management Alternatives, Inc. ("RMA")
objecting to plaintiff's request for dismissal of this action
without prejudice.  In issuing the First Report, this Court
mistakenly noted that plaintiff Janet Fashakin had not responded
to RMA's application.  Having now received a copy of Ms.
Fashakin's response dated April 11, 2005 ("Pl.'s Response") filed
with the Clerk's Office on April 15, 2005, this supplemental
report and recommendation addresses the issues raised in
plaintiff's response not discussed in the First Report.

                              DISCUSSION

        In the March 25th letter of its counsel, RMA argued that
plaintiff could not, without RMA's consent, seek dismissal of
this action without prejudice because RMA had already filed an
answer.  Plaintiff claims that RMA's letter is moot since Chief

Judge Korman had already approved dismissal of the case. Of course, by referring RMA's letter to me, Chief Judge Korman effectively authorized reconsideration of his endorsed order dated March 29, 2005 approving of plaintiff's request. Such reconsideration is both timely and appropriate since the Court's original approval of plaintiff's request may have been made without consideration of RMA's letter filed a few days before; similar to the situation at hand where this Court issued the First Report without considering Pl.'s Response.

Plaintiff also complains that RMA's letter is not a "proper paper recognized as motion, pleading or affidavit." Pl.'s Response at ¶ 1. This argument makes little sense in light of the fact the letter was in response to plaintiff's procedurally inappropriate attempt to seek dismissal of this action by relying on a notice of voluntary dismissal she filed in state court. As discussed in the First Report, after RMA removed this action, any notice of voluntary dismissal filed in state court is without effect and a notice of voluntary dismissal could not be filed in this Court since defendant had filed an answer. Id. at 3-5; see also Otway v. City of New York, 818 F.Supp. 659, 660 (S.D.N.Y. 1993) (amended complaint dropping federal claims which was filed in state court after removal was without effect).

Pointing to the fact that a summons with notice is not a pleading requiring a response under state law, plaintiff argues that she "has an absolute and unconditional statutory right to discontinue this action with prejudice" pursuant to New York CPLR § 3217(a). Pl.'s Response at ¶ 2. However, the Federal Rules of

-2-

Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."  Fed. R. Civ. P. 81(c); see also Willy v. Coastal Corp., 503 U.S. 131, 134-35 (1992) (holding that the "expansive language" of Rule 81(c) "indicates a clear intent to have the [Federal] Rules ... apply to all district court civil proceedings").  Since removal has been based on this Court's federal question jurisdiction, this Court is not confronted with the sometimes difficult task presented in diversity cases of determining whether a rule is substantive or procedural.  See Com/Tech Communications Tech., Inc. v. Wireless Data Systems, Inc., 163 F.3d 149, 150 (2d Cir. 1998) (per curiam) (citing Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996)).  In any event, "where the matter in question is one covered by the Federal Rules of Civil Procedure, 'it is settled that ... the Federal Rule applies regardless of contrary state law.'"  Id. at 150-51 (citing Gasperini, 518 U.S. at 427 n. 7).

The only question is whether RMA could properly interpose an answer to the summons and notice served.  Rule 81(c) governs the filing of an answer in removed cases, specifying that:

> [T]he defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of the summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.

Fed. R. Civ. P. 81(c).  The phrase "initial pleading setting forth the claim for relief" in Rule 81(c) is identical to the

-3-

language in 28 U.S.C. § 1446(b) specifying that receipt by the
defendant "of a copy of the initial pleading setting forth the
claim for relief..." starts the 30 day period for removal. <u>See</u>
<u>Whitaker v. American Telecasting, Inc.</u>, 261 F.3d 196, 203 (2d
Cir. 2001). As the Second Circuit noted in <u>Whitaker</u>, because
§ 1446(b) referred to receipt of an <u>initial</u> <u>pleading</u>, rather than
a <u>complaint</u>, receipt of a summons with notice "may constitute an
initial pleading for removal purposes." <u>Id.</u> at 203-04; <u>see</u> <u>also</u>
First Report at 1 n.1. Thus, an initial pleading sufficient to
trigger the 30 day removal period necessarily should also trigger
to time periods for answering under Rule 81(c). In this case,
RMA was required to file an answer by the later of: March 3,
2005, which is 20 days after its receipt of the summons with
notice on February 11, 2005; or March 16, 2005, which is five
days after filing the removal petition on March 11, 2005. Even
though state law does not require a defendant to answer until
after a complaint is filed following a demand for a complaint,
RMA properly followed Rule 81(c) in filing an answer. <u>See</u>
<u>Com/Tech</u>, 163 F.3d 149 (holding that Fed. R. Civ. P. 13 governs
the availability of counterclaims with respect to summary
proceeding removed from New York state court, even though
counterclaims would not be permitted under the CPLR).

Plaintiff also claims that the removal on March 11, 2005 is
untimely, suggesting that because RMA may have arranged for "pre-
purchase index notification of service," the defendants had
sufficient information to determine removability as of February
8, 2005. Pl.'s Response at ¶ 3. The removal statute provides

-4-

that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief..."  28 U.S.C. §  1446(b).  In applying this provision, the Supreme Court made clear in Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc., 546 U.S. 344, 347-48 (1999), that mere notice is not sufficient to constitute  "receipt by the defendant, through service or otherwise..,"

> We read Congress' provisions for removal in light of a bedrock principle:  An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under the court's authority, by formal process.  Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint ..., but not by mere receipt of the complaint unattended by any formal service.

Id. (emphasis added).  Whether or not the defendants had some sort of notice that plaintiff had commenced this action on February 8, 2005, the time for removal was not triggered until the defendants actually received the summons with notice.  In this regard, in cases involving multiple defendants, most courts in this Circuit have measured the 30 day period for removal from the day the last served defendant received the initial pleading. See, e.g., Barnhart v. Federated Dep't Stores, Inc., No. 04 Civ. 3668, 2005 WL 549712, at *6 (S.D.N.Y. March 8, 2005); Fernandez v. Hale Trailer Brake & Wheel, 332 F. Supp.2d 621, 622-24 (S.D.N.Y. 2004); Carter v. Geldis, No. 00 Civ 7236, 2002 WL 1159904, at *1 n.3 (E.D.N.Y. Apr. 23, 2002); Varela v. Flintlock

Constr., Inc., 148 F. Supp.2d 297, 300 (S.D.N.Y. 2001).   Thus,
RMA timely removed this action from state court.

CONCLUSION

Since plaintiff's arguments in her response do not change
the conclusions I reached in the First Report, I adhere to my
original recommendations.  If the plaintiff still wishes to
dismiss this action, dismissal should be without prejudice, but
conditioned upon payment to RMA of the costs of removing this
action.  Should plaintiff seek to withdraw her request that the
case not be dismissed or that it be dismissed with prejudice, she
should promptly notify the other parties and this Court, so that
appropriate action may be taken.

Any objections to this Report and Recommendation must be
filed with the Clerk of the Court, with a copy to the
undersigned, by May 18, 2005.  Failure to file objections within
the specified time waives the right to appeal.  See 28 U.S.C.
§ 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 28, 2005

                              /s/_____
                              MARILYN D. GO
                              UNITED STATES MAGISTRATE JUDGE

filed electronically on April 28, 2005

mailed to:
Janet Fashakin
105-22 Jamaica Avenue
Richmond Hill, NY 11418

-6-

Courts have often awarded the defendant costs or fees in cases where a plaintiff successfully voluntarily dismisses a suit without prejudice under Rule 41(a)(2). Hinfin Realty Corp. v. Pittston Co., 206 F.R.D. 350, 357 (E.D.N.Y. 2002) (citing cases). "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985).

Since this litigation is in the early stages, there will not be substantial duplicative legal work expended should a new action be brought. However, there is a reasonable likelihood that any new action against the two defendants would again be removed to federal court. As discussed above, plaintiff's claims, however styled, are likely to arise under federal law, supra at 2, n. 1. In any event, since plaintiff served the two defendants at corporate offices located in other states, there may very well be diversity jurisdiction over purely state law claims. Thus, should plaintiff still seek dismissal of this action without prejudice, I recommend that this Court award RMA the reasonable costs, but not attorneys' fees, incurred in removing this action, including all filing fees, copying costs, and costs in filing and mailing papers.

Order

The def's letter of March 25, 2005, is treated as a motion for reconsideration of dtee order dismissing dtee complaint w/o prejudice. The motion is denied. I do not share dtee concern of dtee U.S. may dtat plaintiff will refile in New York State again. If she does so improperly, appropriate sanctions may be

## CONCLUSION

For the foregoing reasons, I recommend that the plaintiff be given the opportunity to determine whether she still wishes to dismiss this case without prejudice. If she still requests that dismissal be without prejudice, I further recommend that the Court condition such dismissal upon payment to RMA of the costs of removing this action. Should plaintiff seek to withdraw her request that the case be dismissed or agree to dismissal with prejudice, she should promptly notify the other parties and this Court, so that appropriate action may be taken.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, by May 18, 2005. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:    Brooklyn, New York
          April 25, 2005

                              /s/_____
                              MARILYN D. GO
                              UNITED STATES MAGISTRATE JUDGE

filed electronically on April 25, 2005

mailed to:
Janet Fashakin
105-22 Jamaica Avenue
Richmond Hill, NY 11418

-9-