# EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JANET FASHAKIN,                                      C.A. No: 05-3080

                                    Plaintiff,

        v.                                           **DECLARATION OF**
                                                     **LAURA M. HENRY**

NEXTEL COMMUNICATION, *et al.*
                                    Defendants.
------------------------------------------------------------x

        Laura M. Henry makes the following Declaration pursuant to 28 U.S.C. §1746:

        1.      I am a Priority Processing Team Leader at Trans Union LLC's ("Trans Union")

Consumer Relations Department in Crum Lynne, PA. I am over the age of 18 and competent to

make this Declaration. I am authorized to make this Declaration on Trans Union's behalf.

        2.      Trans Union is a "consumer reporting agency" ("CRA") as defined by the Fair

Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"). As a CRA, Trans Union maintains

files on millions of individuals across the United States. When a consumer requests a copy of

their file (a request for disclosure pursuant to FCRA §1681g), or disputes information to Trans

Union (a request for reinvestigation pursuant to FCRA §1681i), such requests are directed to

Trans Union's Consumer Relations offices. In the ordinary course of business, Trans Union

keeps records of "consumer relations activities," that includes, among other things: disclosure

requests and credit files sent in response; requests for reinvestigations; activities performed by

Trans Union in the reinvestigation process (including communications to and from the furnishers

of disputed information, among other things); and communications to consumers of the results of

reinvestigations.

3.    I have reviewed the consumer relations activities records of the Plaintiff, Janet Fashakin, and I am familiar with the content of those records.  I understand that Ms. Fashakin claims that Trans Union inaccurately reported a collection account furnished by Risk Management Alternatives ("RMA").  RMA furnished to Trans Union an account placed for collection against Ms. Fashakin (the "RMA Item").  The RMA Item was reported to Trans Union by RMA as an outstanding collection account, placed in July 2004, with an unpaid balance of $339, collecting for Nextel Communications.

4.    Plaintiff disputed the RMA Item to Trans Union in a letter that Trans Union received on December 23, 2004 (the "Dispute Letter"). *Exhibit 1* hereto.  In response to the Dispute Letter, Trans Union sent RMA an Automated Consumer Dispute Verification ("ACDV"). *Exhibit 2* (the "ACDV").  The ACDV provided RMA with Plaintiff's identifying information, the account information furnished by RMA, and a request that RMA confirm the ownership of the RMA Item.

5.    RMA confirmed Plaintiff's name, current address and Social Security number. RMA also confirmed that the all of the account information was accurate as of the date of the ACDV.  That is, the RMA Item was verified as accurate by RMA; it was an outstanding collection account with an unpaid balance of $339. *Exhibit 2.*

6.    Also in response to the Dispute Letter, Trans Union sent Plaintiff a letter dated December 27, 2004 that provided a description of Trans Union's reinvestigation procedure. *Exhibit 3.*

7.    Trans Union sent Plaintiff the results of the reinvestigation on January 12, 2005. *Exhibit 4.*  The reinvestigation results included the address and telephone number of RMA. *Id.*, p.2.

2

8.   Plaintiff submitted no dispute other than the Dispute Letter to Trans Union at any

time prior to the commencement of this lawsuit.

I declare under penalty of perjury that the foregoing
is true and correct.

LAURA M. HENRY

DATED:   10 -26 - 2007

3